UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BETTY SCALLY, Independent Executor of
the Estate of John Scally, deceased,

      Plaintiff,

  v.

VETERANS ADMINISTRATION and THE
UNITED STATES OF AMERICA,

      Defendants.

Case No. 03-cv-4208-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion to dismiss count 1 for lack of jurisdiction filed by the defendants Veterans Administration ("VA") and the United States of America (Doc. 19). Count 1 alleges a cause of action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) & 2671 *et seq.*, arising from the death of plaintiff Betty Scally's ("Scally") husband John Scally after being seen by VA physician employees. Scally has responded to the motion (Doc. 26).

**I.    Dismissal Standard**

As a preliminary matter, there is uncertainty about whether such a motion to dismiss should be viewed under Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6). Courts have held that challenges to an FTCA plaintiff's exhaustion of administrative remedies should be viewed as jurisdictional and brought under Rule 12(b)(1). *See Sullivan v. United States*, 21 F.3d 198, 206 (7th Cir. 1994). Rule 12(b)(1) allows the Court to consider evidence outside the pleadings in some circumstances. *Sapperstein v. Hager*, 188 F.3d 852, 855-56 (7th Cir. 1999); 2 James Wm. Moore *et al.*, *Moore's Federal Practice*, § 12.30[4], at 12-38 to 12-40 (3d ed. 2000). However, recent cases suggest that such challenges should be viewed as challenges to the

plaintiff's ability to prove an element of her claim, thus falling under Rule 12(b)(6). *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003); *Frey v. EPA*, 270 F.3d 1129, 1135-36 (7th Cir. 2001). Under Rule 12(b)(6), with few exceptions, the Court cannot consider matters outside the pleadings, and all well-pleaded factual allegations are accepted as true and construed in the light most favorable to the plaintiff.

In this case, the Court need not decide which provision of Rule 12 is applicable because it can decide this motion without making disputed factual findings and on the basis of the pleadings alone, viewed in Scally's favor, along with matters of public record of which the Court can take judicial notice even under a Rule 12(b)(6) motion. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994); *see Palay*, 349 F.3d at 425 n. 5 (noting that an FTCA administrative claim form can be considered in a motion to dismiss for failure to exhaust administrative remedies).

**II.     History**

All parties agree to the following essential facts for the purpose of this motion. On February 21, 2001, the plaintiff's decedent, John Scally, was evaluated by two physician employees of the VA, Drs. Panchamukhi and Nagpal, in preparation for back surgery. Dr. Nagpal diagnosed several health problems but cleared John Scally for surgery anyway. On March 8, 2001, John Scally underwent back surgery by a doctor not employed by the VA, experienced complications from the surgery and died the following day.

That same day, plaintiff Scally filed an administrative claim with the VA on a Standard Form 95 "Claim for Damage, Injury, or Death." On her claim form, Scally listed the time of the incident as John Scally's time of death. She stated the following basis for her claim:

> The decedent, John Scally, was seen at the [VA Medical Center] in Marion,

> Illinois, for pre-operative evaluation and cardiac work-up in anticipation of back surgery to be performed by a neurosurgeon B. Theo Mellion, M.D.  Scally was seen by Dr. Panchamukhi on 2/14/01 and Dr. Nagpal on 2/21/01.  These physicians gave clearance for the performance of the back surgery.  Dr. Mellion performed the surgery on 3/8/01.  Mr. Scally thereafter expired on 3/9/01.  Mr. Scally's estate chooses to bring a claim against the VA and its physicians Dr. Nagpal and Dr. Panchamukhi for their negligence in the pre-operative evaluation and cardiac work-up.  These physicians failed to recognize that Scally was at an exceedingly high risk for the performance of major operation and clearance for this procedure should not have been granted by these physicians.  As a result Mr. Scally was exposed to the high risk and ultimately died.

Scally described the damages she was seeking as "compensation for funeral expenses and loss of love, society and support," and in the space for listing the nature and extent of each injury or death, she stated, "Wrongful death of John Scally."  She stated that the amount of her wrongful death claim was $1 million but left the personal injury claim box blank.

The VA denied her claim, and Scally filed this lawsuit under the FTCA alleging that Drs. Panchamukhi and Nagpal were negligent in clearing John Scally for surgery in light of his medical problems.  Count 1 alleges a claim based on the Illinois Survival Act, 755 ILCS 5/27-6, for John Scally's pain, suffering and injury prior to his death.  Count 2 alleges a claim for wrongful death based on 740 ILCS 180/1 *et seq*.  Count 3 alleges a claim based on the Family Expense Act, 750 ILCS 65/15, for funeral and burial expenses.

The United States filed this motion to dismiss count 1 on the grounds that Scally's administrative claim did not include a claim for John Scally's pain, suffering and injuries before he died, but instead included only a wrongful death claim.  It argues, therefore, that Scally did not exhaust her administrative remedies for her claim under the Survival Act and that this Court has no jurisdiction to consider that cause of action.

In response and without citing any caselaw, Scally urges the Court to liberally construe her administrative claim for medical negligence to cover survival as well as wrongful death

3

claims.

**III.     Analysis**

The Court must dismiss count 1 because Scally did not exhaust her administrative remedies on that cause of action before filing this suit.  An FTCA plaintiff must first present her claim to the appropriate federal agency and cannot file a suit until the agency has made a final disposition of the claim.  28 U.S.C. § 2675(a); *see McNeil v. United States,* 508 U.S. 106, 111-13 (1993);  *Sullivan v. United States*, 21 F.3d 198, 206 (7th Cir. 1994).  If a plaintiff fails to exhaust administrative remedies before she brings suit, the court must dismiss her claim.  *McNeil*, 508 U.S. at 113;  *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003).

"[A] claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for . . . personal injury, or death. . . . alleged to have occurred by reason of the incident . . . ."  28 C.F.R. § 14.2(a);  *see Palay*, 349 F.3d at 425;  *Kanar v. United States*, 118 F.3d 527, 530 (7th Cir. 1997).  A claimant need not plead legal theories, but he must at a minimum plead the pertinent facts such that the agency receives sufficient notice to enable it to investigate the claim.  *Palay*, 349 F.3d at 425-26; *Murrey v. United States*, 73 F.3d 1448, 1452 (7th Cir. 1996).  The Court should generously construe an administrative claim form's pleading of the facts, and if "the claim would have been apparent to a legally sophisticated reader of the [claim] form, then we will charge the agency with notice of that claim and deem it to have been exhausted."  *Palay*, 349 F.3d at 425-26 (internal quotations omitted).  The facts must simply be sufficient to put the agency on notice to enable it to investigate the claim.  *Id.* at 426.

It is also essential that the claimant place a value on her claim.  *Charlton v. United States*,

743 F.2d 557, 559-60 (7th Cir. 1984).  An FTCA suit "shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency" unless newly discovered evidence or intervening facts justify a larger damage amount.  28 U.S.C. § 2675(b); *see Zurba v. United States*, 318 F.3d 736, 739 (7th Cir. 2003).

      While a legally sophisticated reader of Scally's claim form could have realized that a Survival Act claim may have existed, there is no way such a reader could have discerned that Scally was making a claim for John Scally's pain, suffering or injury.  Scally had multiple opportunities to express an intention or desire to seek damages for John Scally's suffering before he died.  She could have indicated that the date of the injury included March 8, 2001, the date of John Scally's surgery.  In the space for explaining the basis for her claim, she also could have made even a minimal reference to the pain, suffering and injury Scally suffered.  Instead, she simply stated, "Dr. Mellion performed the surgery on 3/8/01.  Mr. Scally thereafter expired on 3/9/01," with no reference to John Scally's personal injury whatsoever.  In the space reserved for the nature and extent of the injury or death, Scally clearly omitted any mention of John Scally's personal injury prior to his death.  Similarly, she left blank the space designated for asserting an amount of damages for personal injury, filling in only the wrongful death box.  Had Scally taken any one of these opportunities to indicate she wished to assert a claim based on John Scally's pain, suffering and injuries before he died, the Court would have been inclined to find that a legally sophisticated reader would have realized that she wanted to claim such damages and would have been able to initiate an investigation of Scally's condition before he died.  However, in the absence of even the barest hint that Scally was pursuing damages for anything other than wrongful death, the Court can make no such finding.  Furthermore, Scally's failure to place a value on her claim for John Scally's pain, suffering and injury constitutes a failure to properly

present the claim to the VA.  *See Charlton*, 743 F.2d at 560.  As a consequence, the Court cannot entertain count 1 of this suit against the United States and must dismiss it.

### III.     Conclusion

For the foregoing reasons, the Court **GRANTS** the United States's motion to dismiss (Doc. 19), **DISMISSES** count 1 without prejudice and **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED:  June 23, 2005**

             s/ J. Phil Gilbert
             **J. PHIL GILBERT**
             **DISTRICT JUDGE**